# Staunton.

## PENN'S EX'OR V. PENN AND ALS.

### September 17th, 1891.

1. FRAUDULENT CONVEYANCES.—Though trust deed originated in a fraudulent intent on the grantor's part, yet if the trustee and the *bona fide* creditors secured thereby had no notice of such intent, their claims so secured are valid against all other creditors of grantor.

2. ESTOPPEL—*Averments in another proceeding.*—Where land is conveyed in consideration that grantee pay grantor's debts, and grantee subsequently conveys part to grantor's mother in satisfaction of one of said debts, and F. and G., creditors of grantor, filed petition in bankruptcy to set aside the conveyances as fraudulent, and a compromise being made the bankruptcy proceedings were abandoned, and grantor's mother gave her notes, secured on the land conveyed to her, to pay certain of her son's debts; afterwards another of his creditors instituted suit to subject this land to his debts, and under decree in this suit F. was one of the purchasers, the averment of fraud in said petition does not estop F. from maintaining that he was an innocent purchaser

Appeal from decree of circuit court of Roanoke county, rendered February 26th, 1890, in vacation, in a chancery cause wherein Joseph G. Penn, executor of Thomas G. Penn, deceased, was complainant, and James A. Penn and others were defendants. The decree being adverse to the complainant he appealed. Opinion states the case.

*A. P. Staples,* for appellant.

*Penn & Cocke,* for appellees.

LEWIS, P., delivered the opinion of the court.

This suit was commenced in the circuit of Patrick county and afterwards removed to the circuit court of Roanoke county, and was brought to set aside three deeds to a tract of land in the first mentioned county, and also a judicial sale thereof made under a decree of the circuit court of that county. The bill charges that the deeds were made with intent to hinder and delay the creditors of James A. Penn, the owner of the land and the grantor in the first deed, and that the same are therefore fraudulent and void.

The first deed is from James A. Penn to William C. Staples, and bears date October 30th, 1867; the second is from Staples to Mary Penn, and bears date July 26th, 1870; and the third is a deed of trust from Mary Penn to George W. Hylton, trustee, to secure certain debts of James A. Penn, and bears date February 7, 1871.

The recited consideration in the deed from Penn to Staples is $7,000. It appears, however, that on the same day that the deed was executed, the parties entered into a written agreement, whereby it was stipulated that in consideration of the conveyance the grantee (Staples) would pay certain debts of the grantor (Penn), amounting in the aggregate to a sum exceeding $7,000. Among these debts was a judgment in favor of Mary Penn for something over $4,000, which it was agreed should be satisfied by Staples conveying to her one of the two tracts of land conveyed to him by James A. Penn, known as the "Home Place," and which is the land involved in this controversy. The second deed was made in pursuance of this agreement.

Shortly after the date of the first deed, F. R. Penn and Green Penn, creditors of the grantor, James A. Penn, filed a petition in involuntary bankruptcy in the United States district court against him, in which they attacked the deed on the ground that it was made with intent to give preferences among his creditors in violation of the provisions of the then bankrupt law. They also charged that it was made with intent to defraud his creditors.

A compromise was thereupon effected, whereby Mary Penn agreed to give her notes for certain enumerated debts of her son, the said James A. Penn, and to secure the same by a deed of trust on the "Home Place," and in execution of this agreement the trust deed to Hylton was executed. The bankruptcy proceedings were thereupon abandoned.

After the execution of the trust deed a suit was instituted by Jesse Fry, a creditor of James A. Penn, against Mary Penn and others to subject the land to the payment of his debt, and in that suit the land was decreed to be sold. The land was accordingly sold under the decree, and was purchased by F. R. Penn and James P. Critz, which sale was confirmed.

The charge in the bill is that not only were the deeds in question fraudulent and void, but that the beneficiaries in the trust deed and the purchasers at the judicial sale had notice of the fraud, and were therefore affected by it.

The answers, however, deny these charges, and the circuit court of Roanoke county, when the case came on to be finally heard, dismissed the bill on the ground that even if there was fraud in the first and second deeds the trustee and beneficiaries in the trust deed were innocent purchasers for value, and that their claims were valid against all other creditors of James A. Penn.

In this decree, which is the decree complained of, there is no error. The *bona fides* of the appellees' debts, secured in the trust deed, if it can be said to be questioned at all in the bill, is clearly proven, and if there was fraud in the transactions assailed, or any of them, it was incumbent on the plaintiffs to show by clear and convincing evidence that the appellees participated in or had notice of it. This they have not done. It is true that two of the appellees, Frank R. and Green Penn, in their petition in bankruptcy charged in general terms that the deed from James A. Penn to Staples was not only an unlawful preference under the bankrupt act, but that it was made with intent to hinder, delay and defraud the creditors of

the grantor.    But this latter averment, of which there was no proof, can be taken in the present case merely as an admission, which is not conclusive.    1 Greenl. Ev., § 212.    The bill calls for answers on oath, and in the answers of the defendants the charges of fraud are distinctly denied, as also the charge that the defendants had notice of the alleged fraud. The only evidence is that taken by the defendants, and looking to the whole case we are of opinion, without stopping to review the evidence, that the decree dismissing the bill must be affirmed.

DECREE AFFIRMED.